# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARTIN DOHERTY[1]<br>12500 Quiverbrook Ct.<br>Bowie, MD 20720<br><br>    Plaintiff,<br><br>  v.<br><br>TURNER BROADCASTING<br>SYSTEM, INC.<br>1050 Techwood Dr.<br>Atlanta, GA 30318<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Turner Broadcasting System, Inc. ("Turner" or "Defendant"), through undersigned counsel, hereby files this Notice of Removal of the above-captioned action currently pending in the Superior Court of the District of Columbia, Case No. 2019 CA 008284 B. In support thereof, Defendant states as follows:

1. Plaintiff Martin Dougherty ("Plaintiff") initiated this civil action by filing a Complaint against Defendant in the Superior Court of the District of Columbia. Copies of Plaintiff's Complaint, Summons and other related court documents are appended hereto as <u>Exhibit A</u>.

---

[1] Plaintiff's Complaint spells his own last name incorrectly. The correct spelling of Plaintiff's name is Martin Dougherty.

2. Defendant was served with a copy of the Complaint and Summons on or about December 27, 2019. This Notice of Removal is being filed with this Court within 30 days of the earliest receipt of the Complaint by Defendant and is timely filed. *See* 28 U.S.C. § 1446(b).

3. Plaintiff's Complaint alleges several purported civil and criminal claims under the Internal Revenue Code (26 U.S.C. § 1 *et seq.*), as well as a claim under 18 U.S.C. § 1956 for money laundering.[2] *See* Exhibit A.

4. Plaintiff also purports to raise a claim under D.C. Criminal Code § 22-2405. *See* Exhibit A.

5. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. § 1331, which states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff's claims under the Internal Revenue Code and under the federal money laundering statute present a federal question, and give this Court original jurisdiction to hear his claims. *See* 26 U.S.C. § 7422(e); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4, 128 S. Ct. 1511, 1514, 170 L. Ed. 2d 392 (2008).

7. This Court has supplemental jurisdiction over Plaintiff's purported claim under D.C. Criminal Code § 22-2405 pursuant to 28 U.S.C. § 1367(a) because this claim for "false statements" is part of the same case or controversy as Plaintiff's claim for "false statements" under 26 U.S.C. § 7206. *See* Exhibit A, p. 4 ("Under 26 U.S. Code § 7206(1) & (2), fraud and false statements, and DC Code § 22-2405, false statements, Defendant willfully made and subscribed an information return which they did not believe to be true and correct....")

---

[2] Although Plaintiff cites to the D.C. Workers' Compensation Statute, D.C. Code § 32-1501 *et seq.*, his Complaint does not actually raise any claims under this statute. *See generally*, Exhibit A.

8.  Based on the foregoing, this Court has original jurisdiction over Plaintiff's federal claims and supplemental jurisdiction under Plaintiff's state law claim.

9.  Alternatively, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a Maryland resident, and Defendant is a corporation organized under the laws of the State of Georgia, and maintains its "principal place of business," 28 U.S.C. § 1332(c)(1), in Atlanta, Georgia. Thus, complete diversity exists between the parties. Further, Plaintiff seemingly alleges that at least $75,000 is the amount in controversy, as he demands an unidentified amount of "civil damages", "non-payment penalties and interest", and punitive damages. *See* Exhibit A.

10. Exhibit A attached hereto represents all of the pleadings received by or served upon Defendant in connection with Plaintiff's claim.

11. A Notice of Filing for Removal to Federal Court is being filed contemporaneously in the Superior Court for the District of Columbia, a copy of which is attached hereto as Exhibit B.

12. Removal to this Court is appropriate because Plaintiff's action is pending in this District. *See* 28 U.S.C. § 1441(a).

13. Written notice of this pleading has been mailed to Plaintiff.

WHEREFORE, Defendant respectfully prays that the above-referenced action brought in the Superior Court of the District of Columbia be immediately removed to this Court.

Case 1:20-cv-00134 Document 1 Filed 01/17/20 Page 4 of 4

-4-

Dated: January 17, 2020

Respectfully submitted,

*[signature]*

Denise E. Giraudo (DC Bar No. 499348)
Jenna N. Mennona (DC Bar No. 1030479)
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1906
Facsimile: (202) 747-3933
dgiraudo@sheppardmullin.com
jmennona@sheppardmullin.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2020, a copy of the foregoing was served via First-Class Mail, postage prepaid, on the following:

> Martin Dougherty
> 12500 Quiverbrook Ct.
> Bowie, MD 20720

*Pro Se Plaintiff*

*[signature]*

Denise E. Giraudo